IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GLOBAL LICENSING, INC., a Michigan Corporation, <br><br> Plaintiff, <br><br> v. <br><br> NAMEFIND LLC. A Delaware Limited Liability Company <br><br> Defendant. | Case No.: <br><br> Judge: <br><br> Magistrate Judge: |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Global Licensing, Inc., for its Complaint against Defendant NAMEFIND LLC, alleges as follows:

## PARTIES

1. Plaintiff Global Licensing, Inc. ("GLOBAL") is a corporation organized under the laws of Michigan with its principal place of business at 8252 East Lansing Road, Durand, Michigan 48429.

2. On information and belief, Defendant NAMEFIND LLC, is a Delaware Limited Liability Company operating in the state of Michigan that transacts and engages in continuous and systematic business and business relationships in the State of Michigan and Eastern District of Michigan, and has a principal place of business at 225 Wyman Street, Waltham, Massachusetts 02451.

## JURISDICTION AND VENUE

3. This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 et seq.,

1

and Michigan statutory and common law.

4. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §§ 1114, 1121 and 1125, 28 U.S.C. §§ 1331 and 1338(a) and (b) because it involves an action arising under the Lanham Act.

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over state law claims set forth herein because those claims are so related to the claims arising under federal law that they form part of the same case or controversy.

6. This court has personal jurisdiction over Defendant because Defendant, upon information and belief, continuously and systematically resides and conducts business in Michigan.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because, upon information and belief, Defendant resides and conducts business in Michigan and a substantial part of the activities giving rise to the claims alleged herein occurred in this District.

## NATURE OF THE CASE

8. GLOBAL brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its family of trademarks and trade names comprising of the term "Deja Vu." This family of marks includes DEJA VU, DEJA VU SHOWGIRLS, DEJA VU LOVE BOUTIQUE, DEJA VU FUSION and DEJA VU - COAST TO COAST marks, which GLOBAL and its predecessor owner of the Marks, Deja Vu Consulting, Inc. (hereinafter "CONSULTING") have used for many years in connection with its licensing of entertainment services and establishments.

## COMMON ALLEGATIONS

9. GLOBAL is a preeminent licensing company and owner of the well-known DEJA VU family of marks, which GLOBAL licenses in connection with entertainment services. GLOBAL is based in Durand, Michigan and licenses businesses throughout the United States. Since their creation, GLOBAL and CONSULTING have been considered two of the most innovative companies in the United States. GLOBAL currently licenses its DEJA VU family of marks to over 40 businesses and continues to expand in key locations across the United States, further developing its national reputation. Presently, GLOBAL licenses the DEJA VU family of marks to premier businesses located throughout the United States under well-known names and trademarks, including Deja Vu, Deja Vu Showgirls and Deja Vu Erotic Ultra Lounge. These entertainment establishments offer a wide range of entertainment options for their patrons.

10. Long prior to Defendant's registration of the dejavushowgirls.com domain, GLOBAL and CONSULTING commenced use of their DEJA VU mark in connection with their nationally renowned services. Since then, GLOBAL and CONSULTING have expanded their use of marks comprised of the term "DEJA VU" to include the following registered marks, many of which are now incontestable pursuant to 15 U.S.C. § 1065.

| Mark | Registration No. | Registration Date | Goods and Services |
| --- | --- | --- | --- |
| DEJA VU | 2709218 | April 22, 2003 | Entertainment Services |
| DEJA VU | 1726389 | October 20, 1992 | Entertainment Services |
| DEJA VU | 4208159 | September 18, 2012 | Entertainment Services |
| DEJA VU SHOWGIRLS | 2297828 | December 7, 1999 | Entertainment Services |
| DEJA VU SHOWGIRLS | 4208158 | September 18, 2012 | Entertainment Services |

| | | |
|---|---|---|
| DEJA VU -   2404571<br>COAST TO COAST | November 14, 2000 | Entertainment Services |
| DEJA VU - 5971871<br>CAMGIRL - | January 28, 2020 | Streaming Video Content<br>&<br>Entertainment Services |

11. These marks constitute GLOBAL's "DEJA VU Family of Marks" (hereinafter referred to as such. Copies of the registration records for GLOBAL's DEJA VU Family of Marks are attached hereto as <u>Exhibit A</u>, which is conclusive evidence of the validity of the marks, of Global's ownership of the marks, and of Global's nationwide right to use the marks in U.S. commerce.

12. GLOBAL and CONSULTING have further developed the DEJA VU Family of Marks through the use of the marks DEJA VU FOUNTAIN OF YOUTH ARTESIAN SPRING WATER, Registration No. 3631789, and the use of the marks DEJA VU LOVE BOUTIQUE, Registration Nos. 3909619 & 4119898, which are used in connection to the sale of goods. Registrations for these marks are currently subsisting and incontestable pursuant to 15 U.S.C. § 1065. Copies of the registration records for these marks are attached hereto as <u>Exhibit B</u>, which is conclusive evidence of the validity of the marks, of Global's ownership of the marks, and of Global's nationwide right to use the marks in U.S. commerce.   The DEJA VU Family of Marks in combination with the additional registered marks referenced in this paragraph are hereinafter sometimes collectively referred to as the "Registered Marks."

13. Over 30 years, GLOBAL and CONSULTING have invested substantial time, effort and resources in promoting and marketing their marks and licensees under and in connection with GLOBAL's DEJA VU Family of Marks.  For example, GLOBAL and CONSULTING have

4

promoted and marketed their licensees of entertainment services in connection with their DEJA VU Family of Marks in print, media, billboards, social media and in other ways customary in the industry. In addition, the entertainment business licensees of GLOBAL and CONSULTING have been featured in reviews in regional and national publications. GLOBAL and CONSULTING maintain and have maintained a website for their entertainment services at www.dejavu.com. In addition Global and/or its licensees have registered 55 other domains that incorporate "DEJA VU" hereinafter referred to as the "Deja Vu Family of Domains".

14. GLOBAL and CONSULTING have extensively cross promoted their Marks by prominently displaying the name of DEJA VU at their various licensees' establishments and through CONSULTING's website, which is accessible nationwide. Because of the cross-promotional efforts of GLOBAL and CONSULTING, patrons of the establishments of GLOBAL's licensees across the United States are familiar with the DEJA VU Family of Marks and associate them with GLOBAL.

15. In addition to maintaining its Deja Vu Family of Domains, GLOBAL uses the DEJA VU Family of Marks to interact with thousands of its patrons on its 54 social media sites that incorporate "DEJA VU" hereinafter referred to as the "Deja Vu Social Media Sites".

16. As a result of the continuous and extensive use of their DEJA VU Family of Marks by GLOBAL and CONSULTING in connection with GLOBAL's licensing of entertainment establishments, the DEJA VU Family of Marks has developed considerable customer recognition. Indeed, marks using the term DEJA VU have come to be recognized by customers as identifying and distinguishing GLOBAL's licensees alone. The DEJA VU Family of Marks thus has acquired

5

a further distinctiveness and secondary meaning signifying GLOBAL. GLOBAL and CONSULTING have cultivated, and now GLOBAL owns, considerable and valuable goodwill in and symbolized by the DEJA VU Family of Marks.

17. GLOBAL is the owner of valid common law rights in its DEJA VU Family of Marks which it and its predecessor owner of the Marks, Deja Vu Consulting, Inc., have used continuously and in connection with the provision of its businesses for over 30 years and long prior to Defendant's adoption and first use of dejavushowgirls.com.

18. This consumer goodwill and recognition constitute GLOBAL's most valuable assets. Accordingly, the integrity of GLOBAL's DEJA VU Family of Marks is extremely important to GLOBAL and crucial to the continued vitality and growth of GLOBAL's business.

19. GLOBAL and CONSULTING have spent, and continue to spend, significant amounts of money and capital resources constituting substantial investment to register and promote their marks, including the DEJA VU Family of Marks, and to ensure their proper use and enjoin unlicensed and inappropriate uses.

20. Based on its use of the DEJA VU Family of Marks in U.S. commerce in association with the advertisement, provision, distribution and promotion of entertainment services, Global is entitled common law trademark protection of the DEJA VU Family of Marks.

21. In addition to its common law and statutory rights to the DEJA VU Family of Marks based on the significant uses and U.S. Registrations outlined above, Global is the owner of registrations in Australia, Austria, Canada, Germany, France, Great Britain, Japan, Poland, Mexico, Switzerland and New Zealand for numerous DEJA VU Marks.

## UNLAWFUL REGISTRATION AND USE OF THE DOMAIN NAME

22. The Defendant Domain Name is Dejavushowgirls.com, which is identical and/or confusingly similar to Global's DEJA VU Family of Marks with .COM appended to the end.

23. The use of the DEJA VU SHOWGIRLS Mark within the Defendant Domain Name and/or associated website is without authorization from Global.

24. Upon information and belief, the Defendant Domain Name was registered for the purpose of obtaining Internet visitors when such visitors, intending to visit the dejavu.com, dejavushowgirl.com or other Global Deja Vu Family of domain sites, accidentally visit dejavushowgirls.com.

25. When one attempts to access the dejavushowgirls.com domain, the Defendant Domain Name is configured to display pay-per-click advertisements to visitors when those visitors were actually seeking the dejavu.com site.

26. The pay-per-click advertisements as one goes through the links provides among other options offer Adult related entertainment sites such as Love Honey and Mature-Qualtysingles. Please see attached Exhibit C showing pay-per-click advertisements.

27. Upon information and belief, the registrant of the Defendant Domain Name receives compensation when Internet visitors, who were attempting to reach dejavu.com or other Global's Deja Vu Family of domains, click on a link provided by the Defendant Domain Name to a third-party website.

28. Upon information and belief, the Defendant Domain Name is not being used in relation to any fair use of the word "dejavushowgirls." Rather, the site content demonstrates that

7

the owner is receiving compensation based on content that is designed to be confused with Global's DEJA VU Family of Marks and the legitimate content at dejavu.com and other Global Deja Vu Family of Domains.

29. Upon information and belief, the registrant of the Defendant Domain Name does not have any trademark or other intellectual property rights in the Defendant Domain Name.

30. Upon information and belief, the Defendant Domain Name does not consist of the legal name of the registrant or a name that is otherwise commonly used to identify the registrant.

31. Upon information and belief, the registrant never made bona fide noncommercial or fair use of the dejavushowgirls Marks in a site accessible under Defendant Domain Name.

32. Upon information and belief, the registrant of the Defendant Domain Name intends to divert consumers from Global and its Licensees online location to a site accessible under the Defendant Domain Name that could harm the goodwill represented by the DEJA VU Family of Marks, either for commercial gain or with the intent to tarnish or disparage the DEJA VU Family of Marks, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site accessible under the Defendant Domain Name.

33. Upon information and belief, the registrant of the Defendant Domain Name has not engaged in a bona fide offering of any good or services in connection with the DEJA VU Marks in the website accessible under the domain name.

34. The website displayed by the registrant of the Defendant Domain Name is likely to be confused with Global's legitimate online location at dejavu.com and Deja Vu Family of Domains.

35. The website displayed by the registrant of the Defendant Domain Name is likely to cause confusion, or to cause mistake, or to deceive the relevant public as to the source or

sponsorship of that website, and to mislead the public into believing that such website emanates from, is approved or sponsored by, or is in some way associated or connected with, Global.

36. Upon information and belief, the registrant of the Defendant Domain Name registered and/or re-registered the Domain Name with the intent to divert consumers away from Global's legitimate online location(s), for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant Domain Name and the sites displayed through use of the Defendant Domain Name.

37. The registrant of dejavushowgirls.com is the defendant NAMEFIND LLC, which is confirmed by the domain tools Who Is Search. Please see attached Exhibit D.

38. Upon information and belief, the use of the DEJA VU SHOWGIRLS Marks in the Defendant Domain Name does not constitute the registrant's individual name, or the individual name of anyone in privity with registrant, or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods and services of registrant, or their geographic origin.

## COUNT I
### (Violation of the Federal Anti-Cybersquatting Consumer Protection Act)

39. GLOBAL realleges and incorporates herein paragraphs 1 through 38 of this complaint.

40. Global's DEJA VU Family of Marks are famous and/or distinctive and were famous and/or distinctive prior to the time of registration and/or re-registration of the Defendant Domain Name dejavushowgirls.com.

41. The infringing domain name dejavushowgirls.com is identical or confusingly similar to the Global's DEJA VU Family of marks and Registered Marks at the time Defendant registered and/or re-registered the Infringing Domain Name and remains so today.

42. Upon information and belief, Defendant has registered and/or re-registered and used the Infringing Domain Name dejavushowgirls.com with a bad faith intent to profit from the goodwill established by Plaintiff in the DEJA VU Family of Marks.

43. Defendant has no intellectual property rights in or to the DEJA VU Family of Marks.

44. Defendant has engaged in conduct described in this Complaint without consent or authorization.

45. Defendant's website harms Plaintiff's reputation and the goodwill associated with the DEJA VU Family of Marks by causing customers to associate Plaintiff with the negative qualities of Defendant's website, including, but not limited to, the confusing and deceptive manner in which the infringing website generates internet traffic, the confusing and deceptive content of the infringing website, the misleading nature of the commercial activities carried on at the infringing website, the shoddy design of the infringing website, the unreliable functionality of the infringing website, and the ephemeral nature of the infringing website.

46. On information and belief, Defendant has registered or acquired multiple domain names knowing those domain names were identical or confusingly similar to others' marks that were distinctive and famous at the time Defendant registered or acquired their domain name.

47. On information and belief, Defendant's conduct described in this complaint is done with knowledge and constitutes a willful violation of Plaintiff's rights in the DEJA VU Family of Marks.

48. Defendant's conduct constitutes a knowing and willful violation of Plaintiff's rights under 15 U.S.C. § 1125 (d).

49. The aforesaid acts by the registrant of the Defendant Domain Name constitute

registration, re-registration, maintenance, trafficking in, and/or use of a domain name that is confusingly similar to Global's Deja Vu Family of Marks, with bad faith intent to profit therefrom.

50. The aforesaid acts by the registrant of the Defendant Domain Name constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

51. As a result of their wrongful conduct, Defendant is liable to plaintiff for violation of the ACPA.

52. Defendant's registration and/or re-registration and use of the infringing domain name has caused and will continue to cause damage to Plaintiff, in an amount to be proved at trial, and is causing irreparable harm to Plaintiff, for which there is no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief.

53. Plaintiff is entitled to all remedies available under the Lanham Act, including but not limited to disgorgement of Defendant's profits, actual damages and costs in an amount to be proven at trial or statutory damages of up to $100,000 per domain name, treble damages, attorneys' fees and cancelation of Defendant's rights in its infringing domain name or transfer of the infringing domain name to Plaintiff.

## COUNT II
## FEDERAL SERVICE MARK INFRINGEMENT
## (15 U.S.C. § 1114(1)(a))

54. GLOBAL realleges and incorporates herein paragraphs 1 through 53 of this complaint.

55. The use of dejavushowgirls.com on the top of defendant's website is use in commerce.



56. Defendant' aforesaid use of the dejavushowgirls.com mark is without GLOBAL's authorization or consent.

57. Defendant's unauthorized use of the dejavushowgirls.com mark in connection with their pay per click website is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant or its services with GLOBAL's licensees and its federally-registered DEJA VU Family of Marks in violation of 15 U.S.C. § 1114(1)(a).

58. Defendant's unauthorized conduct has deprived and will continue to deprive GLOBAL of the ability to control the consumer perception of its marks and licensees of entertainment service businesses provided in connection with its DEJA VU Family of Marks, placing the valuable reputation and goodwill of GLOBAL in the hands of Defendant, over whom GLOBAL has no control.

59. As a result of Defendant's wrongful conduct, GLOBAL is entitled to recover its actual damages, Defendant's profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117 (a) and (b). Alternatively, Global is entitled to statutory damages under 15 U.S.C. § 1117 (c).

60. As a result of Defendant's wrongful conduct, GLOBAL has suffered substantial damage and irreparable harm to its DEJA VU Family of Marks, constituting an injury for which GLOBAL has no adequate remedy at law, unless this Court enjoins Defendant's conduct, GLOBAL will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, GLOBAL requests that this Court enter a judgment in favor of GLOBAL and against Defendant as follows:

    a. Declaring that Defendant has infringed GLOBAL's Family of Marks;

    b. Permanently enjoining and restraining Defendant, its agents, servants, employees and attorneys, and any other persons in active concert or participation with them, and any entity owned or controlled in whole or in part by Defendant from:

        i. using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain that is comprised in whole or in part of the term DEJA VU, or any term phonetically or otherwise substantially or confusingly similar to GLOBAL's DEJA VU Family of Marks;

        ii. Engaging in any other activity constituting constituting an infringement of any of Plaintiff's trademarks;

        iii. Doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with GLOBAL's licensees, or that is likely to injure or damage

    GLOBAL's name, marks or business; or

 iv. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above;

 v. Declaring that Defendant has violated the Anti-Cybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d));

 vi. Permanently enjoining and restraining Defendant, its agent, servant, employees and attorneys, and any other persons in active concert or participation with them, and any entity owned or controlled in whole or in part by Defendant from registering, using or trafficking any domain names that are identical or confusingly similar to the DEJA VU Marks, including but not limited to domain names containing the DEJA VU Marks and domain names containing misspelling of the DEJA VU Marks; infringing Plaintiff's Deja Vu Marks; or assisting, aiding, or abetting any other person or business entity engaging in or performing any of the activities referred to in this paragraph.

 vii. Ordering the forfeiture or cancellation of the infringing domain name and the transfer of the infringing domain name to plaintiff; and

c. Requiring that Defendant:

 i. Reimburse GLOBAL for all damages it has suffered due to Defendant's acts complained of herein;

 ii. Pay to GLOBAL exemplary damages;

    iii. Pay to GLOBAL their profits pursuant to 15 U.S.C. § 1117 (a);

    iv. Provide an accounting to determine the amount of earnings and profits obtained by Defendant from its wrongful infringement of GLOBAL's Registered Marks and from its other wrongful acts;

    v. Reimburse GLOBAL, under 15 U.S.C. § 1117 and 17 U.S.C. § 505, for the costs it has incurred in bringing this action, together with its reasonable attorney fees and disbursements;

    vi. Order that Defendant be required to pay all general, special, actual, and statutory damages which GLOBAL has sustained, or will sustain, as a consequence of Defendant's unlawful acts, and that such damages be enhanced, doubled, or trebled the maximum amount permitted by law as provided for by 15 U.S.C. § 1117 (b) & (c).

    vii. Order Defendant to pay prejudgment and post judgment interest; and

    viii. Order awarding GLOBAL all damages, trebled, and other remedies permitted by Michigan state law and common law, in an amount to be determined at trial; and

d.   Awarding GLOBAL such other and further relief this Court deems just and equitable.

**JURY DEMAND**

Under Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issue triable as of right by a jury.

Dated: May 11, 2021

Respectfully submitted,

By: /s/ Matthew S. Wood
   Jeffrey S. Sherbow (P25324)
   Matthew S. Wood (P74329)
   LAW OFFICES OF JEFFREY S. SHERBOW PC
   2446 Orchard Lake Road
   Sylvan Lake MI 48320
   Phone: (248) 481-9362
   Fax: (248) 481- 9406
   jeff@sherbowlaw.com
   msw@sherbowlaw.com

   *Attorneys for Plaintiff Global Licensing Inc.*