## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GLOBAL LICENSING, INC.,<br>a Michigan Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>NAMEFIND LLC,<br>a Delaware Limited Liability Company,<br><br>    Defendant. | Case No.: 2:21-cv-11101-PDB-CI<br><br><br>Judge Paul D. Borman<br>Magistrate Judge<br>Curtis Ivy, Jr. |

## DEFENDANT NAMEFIND LLC'S NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant NameFind LLC ("NameFind") hereby moves this Court for an Order dismissing Plaintiff Global Licensing, Inc.'s Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's Complaint lacks well-pled, non-conclusory, factual allegations sufficient to state claims under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(a), or for federal service mark infringement under 15 U.S.C. § 1114(1)(a).

This Motion is based upon this Notice of Motion and Motion to Dismiss, the accompanying Memorandum, NameFind's contemporaneously filed Request for Judicial Notice, the pleadings, and any and all other matters of which this Court may take judicial notice.

Respectfully submitted,

By:*/s/ Philip T. Carroll*
    Philip T. Carroll (P54383)
    pcarroll@cozen.com
    Harper S. Seldin, (MIED admission to be
    submitted)
    hseldin@cozen.com
    COZEN O'CONNOR
    123 North Wacker Drive, Suite 1800
    Chicago, Illinois 60606
    Tel:  (312)382-3147
    *Attorneys for Defendant NameFind LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GLOBAL LICENSING, INC.,<br>a Michigan Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>NAMEFIND LLC,<br>a Delaware Limited Liability Company,<br><br>      Defendant. | Case No.: 2:21-cv-11101-PDB-CI<br><br>Judge Paul D. Borman<br>Magistrate Judge Curtis Ivy, Jr. |

## DEFENDANT NAMEFIND LLC'S MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

I.   Concise Statement of Issues Presented............................................................1

II.  Controlling Authority .......................................................................................2

III. Factual Background ..........................................................................................2

    A.   Allegations in the Complaint....................................................................2

    B.   Judicially Noticeable Facts.......................................................................4

IV.  Legal Standard .................................................................................................5

V.   Argument ..........................................................................................................7

    A.   Plaintiff Cannot State an ACPA Claim Because There are No
        Allegations Demonstrating Bad Faith Intent to Profit .........................7

    B.   Plaintiff Cannot State an Infringement Claim under 15 U.S.C. §
        1114(1)(a) Because There are No Well-Pled Factual Allegations of
        Use in Commerce or Likelihood of Confusion ...................................12

    C.   Plaintiff Does Not Have the Exclusive Right to Control Domain
        Names That Include "devaju" or "deja vu".........................................14

VI.  Conclusion .....................................................................................................17

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*,
  727 F.3d 502 (6th Cir. 2013) ............................................................6, 9

*24 Hour Fitness USA, Inc. v. 24/7 Tribeca Fitness, LLC*,
  447 F. Supp. 2d 266 (S.D.N.Y. 2006) ...............................................11

*Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*,
  No. CV 10-03738 AB (CWX), 2015 WL 5311085 (C.D. Cal. Sept.
  10, 2015) ....................................................................................9, 10, 11

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*,
  502 F.3d 545 (6th Cir. 2007) ...............................................................5

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
  528 F.3d 426 (6th Cir. 2008) ...............................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................5, 6

*Bird v. Parsons*,
  289 F.3d 865 (6th Cir. 2002) ...........................................................8, 12

*Bovee v. Coopers & Lybrand C.P.A.*,
  272 F.3d 356 (6th Cir. 2001) ...........................................................5, 6

*Chatam Int'l, Inc. v. Bodum, Inc.*,
  157 F. Supp. 2d 549 (E.D. Pa. 2001)..................................................16

*In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*,
  756 F.3d 917 (6th Cir. 2014) ...............................................................9

*Dassault Systemes, SA v. Childress*,
  828 F. App'x 229 (6th Cir. 2020).......................................................14

*Doe v. Univ. of Dayton*,
  766 F. App'x 275 (6th Cir. 2019)...................................................6, 10

*Ford Motor Co. v. Greatdomains.Com, Inc.*,
    177 F. Supp. 2d 635 (E.D. Mich. 2001) .......................................................*passim*

*Great Lakes Acquisition Corp. v. Deary*,
    No. 19-11502, 2019 WL 4919148 (E.D. Mich. Oct. 4, 2019) .......................... 10

*Hartog & Co. AS v. SWIX.com*,
    136 F. Supp. 2d 531 (E.D. Va. 2001) ...................................................................16

*Hasbro, Inc. v. Clue Computing, Inc.*,
    66 F. Supp. 2d 117 (D. Mass. 1999)....................................................................15

*Hensley Mfg. v. ProPride, Inc.*,
    579 F.3d 603 (6th Cir. 2009) ..........................................................................2, 12

*Innovation Ventures, LLC v. N2G Distrib., Inc.*,
    635 F. Supp. 2d 632 (E.D. Mich. 2008) ...............................................................5

*Kruse v. Regina Caeli, Inc.*,
    No. 16-10304, 2016 WL 11609086 (E.D. Mich. June 15, 2016)........................9

*U.S. ex rel. McNulty v. Reddy Ice Holdings, Inc*.,
    835 F. Supp. 2d 341 (E.D. Mich. 2011) ...............................................................6

*Travis v. ADT Sec. Servs., Inc.*,
    884 F. Supp. 2d 629 (E.D, Mich. 2012) ...............................................................7

*Trump Plaza of Palm Beaches Condo. Ass'n, Inc. v. Rosenthal*,
    No. 08-80408-CIV, 2009 WL 1812743 (S.D. Fla. June 24, 2009) ...................11

*Wash. Speakers Bureau, Inc. v. Leadings Auths., Inc.*,
    33 F. Supp. 2d 488 (E.D. Va. 1999) ...................................................................15

## Statutes

15 U.S.C. § 1114(1)(a)...............................................................................1, 2, 7, 12

Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ............*passim*

Federal Rule of Civil Procedure 12(b)(6) .........................................................1, 5, 7

Defendant NameFind LLC ("NameFind"), by and through undersigned counsel, respectfully requests that this Court grant its Motion to Dismiss and dismiss Plaintiff Global Licensing, Inc.'s ("Plaintiff") Complaint, which lacks sufficient well-pled factual allegations to demonstrate plausible claims by Plaintiff against NameFind for cybersquatting or trademark infringement.

## I.    CONCISE STATEMENT OF ISSUES PRESENTED

Whether Plaintiff states plausible claims to relief against NameFind under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) or for federal service mark infringement under 15 U.S.C. § 1114(1)(a), where the only two well-pled allegations in the Complaint are that NameFind is the registrant of the domain name dejavushowgirls.com and at one point the website resolving from the domain name contained pay-per-click advertising, the remaining allegations are "upon information and belief" without further supporting factual averments, and there are no allegations to support a bad faith intent to profit, use in commerce of Plaintiff's protected marks, or a likelihood of confusion.

NameFind respectfully submits that Plaintiff has not demonstrated any plausible claim to relief and the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    CONTROLLING AUTHORITY

The controlling or most appropriate authority for the relief sought is *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) and *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 635, 641 (E.D. Mich. 2001).

## III.    FACTUAL BACKGROUND

Plaintiff alleges that NameFind is the registrant for the domain name dejavushowgirls.com (the "Domain Name") and that the Domain Name infringes on Plaintiff's protected marks.  But the Complaint does not state any claims against NameFind under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA") or for federal service trademark infringement under 15 U.S.C. § 1114(1)(a) because Plaintiff's allegations do not demonstrate that the registrant had a bad faith intent to profit, was using Plaintiff's protected marks in commerce, or a likelihood of confusion under the circumstances alleged.  Plaintiff's claims should be dismissed.

### A.    Allegations in the Complaint

Plaintiff owns a "family of marks," including the registered mark DEJA VU SHOWGIRLS, which it uses in connection with its licensing of "entertainment services and establishments."  Complaint ¶¶ 8-10.  Plaintiff makes two allegations about the website resolving from the Domain Name and the registrant of the Domain Name.  First, Plaintiff alleges that the website resolving from the Domain Name "is configured to display pay-per-click advertisements to visitors when those visitors

2

were actually seeking the dejavu.com site," and the links displayed "provide[] among other options offer [sic] Adult related entertainment sites."  Complaint ¶¶ 25-26 & Ex. C.  Second, Plaintiff alleges that the registrant of the Domain Name is NameFind based on information from "the domain tools Who Is Search." Complaint ¶ 37 & Ex. D.

The remaining allegations about the website resolving from the Domain Name and the registrant are "upon information and belief."  For example, Plaintiff alleges "[u]pon information and belief" that the Domain Name "was registered for the purpose of obtaining Internet visitors when such visitors, intending to visit the dejavu.com, dejavushowgirl.com or other Global Deja Vu Family of domain sites, accidentally visit" the website resolving from the Domain Name.  Complaint ¶ 24.  Plaintiff also alleges "[u]pon information and belief" that "the registrant of the Defendant Domain Name receives compensation when Internet visitors, who were attempting to reach dejavu.com or other Global's [sic] Deja Vu Family of domains, click on a link provided by the Defendant Domain Name to a third-party website."  Complaint ¶ 27.  Plaintiff also alleges "[u]pon" information and belief" that registrant of the Domain Name "intends to divert consumers from Global and its Licensees…either for commercial gain or with the intent to tarnish or disparage the DEJA VU Family of Marks, by creating a likelihood of confusion as to the source,

sponsorship, affiliation, or endorsement of the site" resolving from the Domain Name.  Complaint ¶¶ 32, 36.

Based on those allegations, Plaintiff claims the Domain Name "is identical and/or confusingly similar to Global's DEJA VU Family of Marks with .COM appended to the end"  and the website resolving from the Domain Name "is likely to be confused with Global's legitimate online location."  Complaint ¶¶ 22, 34. Plaintiff does not provide any allegations or exhibits regarding what its "legitimate online location" looks like, although presumably that location is the home page for the website resolving from the domain name dejavu.com.  *See* Complaint ¶ 13.  Nor does Plaintiff plainly state what "entertainment services" are offered there, although it can generally be inferred that they are of an adult nature.  *See, e.g.*, Complaint ¶¶ 9-10, 12-15.

Based on those allegations, Plaintiff brings two claims against NameFind, one for violation of the ACPA and the other for federal service mark infringement.

## B.    Judicially Noticeable Facts

The website resolving from the Domain Name does not reflect the materials included in Exhibit C to the Complaint.  *See* Request for Judicial Notice at Exhibit 1.  Moreover, although Plaintiff alleges that its online presence for entertainment services is located at the website resolving from the domain name dejavu.com and that there could be confusion between that location and the website resolving from

the Domain Name, Plaintiff does not describe or attach a copy of its own website's landing page.  The Court can take judicial notice of what that page looks like compared to the website resolving from the Domain Name at issue.  *See* Request for Judicial Notice at Exhibit 2.

## IV.   LEGAL STANDARD

When disposing of a motion under Federal Rule of Civil Procedure 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  "A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Innovation Ventures, LLC v. N2G Distrib., Inc.*, 635 F. Supp. 2d 632, 635–36 (E.D. Mich. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (citations omitted); *accord Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to

5

raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted).

Allegations of "belief" that certain facts exist are "naked assertions devoid of further factual enhancement" and "contribute nothing to the sufficiency of the complaint." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013); *see also Doe v. Univ. of Dayton*, 766 F. App'x 275, 284 (6th Cir. 2019) (lack of factual content to underpin allegation "upon information and belief" insufficient to state a claim). "[L]egal conclusions masquerading as factual allegations will not suffice." *U.S. ex rel. McNulty v. Reddy Ice Holdings, Inc.*, 835 F. Supp. 2d 341, 347 (E.D. Mich. 2011) (quoting *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)).  The complaint cannot rely on the "bare assertion of legal conclusions," and the court "need not accept as true legal conclusions or unwarranted factual inferences." *Bovee*, 272 F.3d at 361 (citations omitted).

The court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  The court may also consider "matters of

which a court may take judicial notice" and "documents that are a matter of public record." *Travis v. ADT Sec. Servs., Inc.*, 884 F. Supp. 2d 629, 834 (E.D, Mich. 2012).

## V.   ARGUMENT

Plaintiff fails to state a claim to relief under either the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) or for federal service mark infringement under 15 U.S.C. § 1114(1)(a).  Plaintiff cannot state an ACPA claim because there are no well-pled, non-conclusory allegations demonstrating a bad faith intent to profit and cannot state an infringement claim because there are no well-pled, non-conclusory allegations demonstrating use in commerce or a likelihood of confusion.  Moreover, Plaintiff does not control the use of "dejavu" or "deja vu" by the general public or for domain name registrations.

### A.   Plaintiff Cannot State an ACPA Claim Because There are No Allegations Demonstrating Bad Faith Intent to Profit

To survive a Rule 12(b)(6) motion for failure to state an ACPA claim, a plaintiff must allege facts supporting three elements: "(1) that the defendant has registered, trafficked in, or used a domain name; (2) that the domain name is identical or confusingly similar to, or dilutive of, a distinctive or famous trademark; and (3) that the defendant has bad faith intent to profit from the mark." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 635, 641 (E.D. Mich. 2001) (citing 15 U.S.C. § 1125(d)).

With respect to the first element, although NameFind disputes that it is the registrant of the Domain Name, it does not move for dismissal on this ground.  Under the ACPA, "[a] person shall be liable for using a domain name under subparagraph (A) only if that person is the domain name registrant or that registrant's authorized licensee."  15 U.S.C. § 1125(d)(1)(D); *see also Bird v. Parsons*, 289 F.3d 865, 881 (6th Cir. 2002).

With respect to the second element, domain names incorporating a trademark are confusingly similar if a "consumer might think that the domain is used, approved, or permitted by the mark holder."  *Ford Motor Co.*, 177 F. Supp. 2d at 641 (citations omitted).  Although "slight differences" or the addition of "minor or generic words" are irrelevant, if "words or letters added to the plaintiff's mark within the domain name clearly distinguish it from the plaintiff's usage," then it is not confusingly similar.  *Ford Motor Co.*, 177 F. Supp. 2d at 641-42.  Although the Domain Name includes one of Plaintiff's marks, there are no non-conclusory allegations in the Complaint explaining how the content on Exhibit C of the Complaint or Exhibit 1 of the Request for Judicial Notice could be confusingly similar to the "entertainment services" offered at Plaintiff's website resolving from the domain name dejavu.com, *see* Request for Judicial Notice at Exhibit 2, or its other "Deja Vu Social Media Sites."  Complaint ¶¶ 14-15.  Nor are there any well-pled allegations as to who is responsible for the content served on that page: the domain name registrant is not

necessarily the same person or entity controlling the content of the website. *See, e.g.*, *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10-03738 AB (CWX), 2015 WL 5311085, at *37 (C.D. Cal. Sept. 10, 2015) ("*AMPAS*").

With respect to the third element, there are eight non-exhaustive factors to determine whether a registrant acted with a bad faith intent to profit, including whether the defendant

> (1) has trademark rights in the domain name that are concurrent with the plaintiff's; (2) is identified by the domain name; (3) has previously used the domain name in connection with goods or services; (4) has engaged in noncommercial or fair use of the mark on the Internet; (5) intends to divert customers away from the mark owner; (6) has offered to sell the domain name before using it for a legitimate purpose; (7) provided misleading contact information when registering the domain name; or (8) has registered multiple domain names that are confusingly similar to others' trademarks.

*Ford Motor Co.*, 177 F. Supp. 2d at 642.

The Complaint does not include well-pled, non-conclusory, factual allegations to support any of these factors. The majority of the allegations regarding the registrant are pled "upon information and belief," but the "mere fact that someone believes something to be true does not create a plausible inference that it is true." *In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014); *see also Kruse v. Regina Caeli, Inc.*, No. 16-10304, 2016 WL 11609086, at *2 (E.D. Mich. June 15, 2016). Allegations of "belief" that certain facts exist are "naked assertions devoid of further factual enhancement" and "contribute nothing to the sufficiency of the complaint." *16630 Southfield Ltd.*

*P'ship*, 727 F.3d at 506; *see also Doe v. Univ. of Dayton*, 766 F. App'x at 284 (lack of factual content to underpin allegation "upon information and belief" insufficient to state a claim). Allegations on "information and belief" can only be well-pled if they contain specifics, or "detailed accounts of how particular statutes were violated." *Great Lakes Acquisition Corp. v. Deary*, No. 19-11502, 2019 WL 4919148, at *2 (E.D. Mich. Oct. 4, 2019), *appeal dismissed*, No. 19-2215, 2019 WL 7596302 (6th Cir. Nov. 15, 2019). Especially where solicitation of customers is alleged, a plaintiff must plead facts "identifying any solicited customers" or "information that makes the inference of culpability plausible." *Id.* at *3.

Although Plaintiff repeatedly alleges "[u]pon information and belief" that the Domain Name was registered to divert customers away, *see* Complaint ¶¶ 24, 27-28, 32, 36, there are no factual allegations to support those conclusory contentions. The only two allegations that are not "upon information and belief" or otherwise conclusory and therefore well-pled with respect to the registrant or its conduct are that the website resolving from the Domain Name at one point contained pay-per-click advertisements, including some (but not exclusively) adult-related entertainment options, and that NameFind is the registrant. *See* Complaint ¶¶ 25-26, 37. That is not enough to plead bad faith intent to profit sufficient to state an ACPA claim. *See, e.g.*, *AMPAS*, 2015 WL 5311085, at *36-37 (no bad faith intent to profit where the advertising on parked pages did not relate to plaintiff or its marks

10

and no evidence that, where advertisements did relate, that defendant subjectively intended to provide ads related to the marks).

Moreover, the absence of allegations regarding who is responsible for the content served at the website resolving for the Domain Name, and well as the judicially noticeable fact regarding the current website content, weigh against finding bad faith. *See AMPAS*, 2015 WL 5311085 at *38; *see also* Request for Judicial Notice at Exhibit 1. The "ACPA was designed to target persons who commandeer a domain name for no reason other than to profit by extortion, yet bypass persons with legitimate interests in the domain name—even if they do incidentally profit from the domain name's status as a trademark." *Ford Motor Co.*, 177 F. Supp. 2d at 642. Under the ACPA, "registrants of domain names that incorporate a protected trademark who no longer have a legitimate use for the domain name must, in most cases, let their registration lapse, rather than offer it for sale, if they hope to completely avoid the burden of litigating through at least the summary judgment stage." *Id.* at 644. Similarly, the takedown of the website resolving from an allegedly infringing domain name, combined with a lack of evidence of bad faith, demonstrates no liability under the ACPA. *See, e.g.*, *24 Hour Fitness USA, Inc. v. 24/7 Tribeca Fitness, LLC*, 447 F. Supp. 2d 266, 289 (S.D.N.Y. 2006), *aff'd* 247 F. App'x 232 (2d Cir. 2007); *see also Trump Plaza of Palm Beaches*

*Condo. Ass'n, Inc. v. Rosenthal*, No. 08-80408-CIV, 2009 WL 1812743, at *11 (S.D. Fla. June 24, 2009).

Plaintiff cannot state a claim for cybersquatting against anyone on conclusory allegations.  Plaintiff's ACPA claim should be dismissed in its entirety.

### B. Plaintiff Cannot State an Infringement Claim under 15 U.S.C. § 1114(1)(a) Because There are No Well-Pled Factual Allegations of Use in Commerce or Likelihood of Confusion

"To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege facts establishing that: (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).  The "likelihood of confusion analysis also involves a preliminary question: whether the defendants 'are using the challenged mark in a way that identifies the source of their goods.'" *Id.* at 610.  If not, then the mark is being used is a "non-trademark way" and the trademark infringement laws, including the eight factor test for likelihood of confusion,[1] do not apply.  *Id.*  "When a domain name is used only to indicate an address on the Internet, the domain name is not functioning as a trademark." *Bird*,

---

[1] The eight factors are: "(1) strength of the senior mark; (2) relatedness of the goods or services; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) the intent of defendant in selecting the mark; and (8) likelihood of expansion of the product lines." *Hensley*, 579 F.3d at 610.

289 F.3d at 878. "Moreover, even a domain name that could be used to violate a registered trademark does not necessarily do so." *Id.*

In the Eastern District of Michigan, "neither registering, nor warehousing, nor trafficking in a domain name that incorporates a protected trademark is alone sufficient to support claims of trademark infringement or dilution. Both causes of action require use of a trademark in connection with goods or services, which, in the cybersquatting context, generally will require evidence that the domain was used to host a website from which goods or services have been offered over the internet." *Ford Motor Co.*, 177 F. Supp. 2d at 655.

For alleged infringement claims in the cybersquatting context, the court's analysis focuses on the "in connection with any goods or services" and "commercial use in commerce" requirements. *Ford Motor Co.*, 177 F. Supp. 2d at 647. Infringement claims are consistently dismissed by courts when based on allegations of "mere registration," "warehousing," or "actual trafficking." *Id.* "Use" requires use "in connection with goods or services." *Id.* at 650. Mere registration is not "use" because it is not "in connection with goods or services." *Id.* at 654. Nor is the "goods or services" requirement satisfied merely because the defendant's use "may make it more difficult for some internet users to locate [the mark holder's] goods and services online." *Id.* at 655.

13

The allegations in the Complaint do not plead that the registrant used Plaintiff's protected marks "in connection with any goods or services."  Again, the only non-conclusory allegation in the Complaint regarding the website resolving from the Domain Name is that, at one point, it contained pay-per-click advertisements, including some (but not exclusively) adult entertainment-related options.  *See* Complaint ¶¶ 25-26.  There are no allegations that the Domain Name was used in connection with any goods or services.  Nor are there any well-pled allegations that anyone was or could be confused by Domain Name in connection with the website content displayed at Exhibit C.  *See, e.g.*, *Dassault Systemes, SA v. Childress*, 828 F. App'x 229, 250-51 (6th Cir. 2020) (rejecting a plaintiff's "initial interest" confusion theory where it was immediately apparent upon viewing the website resolving from the domain name that the website was not affiliated with plaintiff).  The Court can take judicial notice of the (admittedly risqué) content on the website resolving from the domain name dejavu.com, which bears little to no resemblance to the content on either Exhibit C of the Complaint or Exhibit 1 of the Request for Judicial Notice.

### C.     Plaintiff Does Not Have the Exclusive Right to Control Domain Names That Include "devaju" or "deja vu"

Plaintiff's Complaint presupposes that only Plaintiff is permitted to register domain name containing its mark "DEJA VU."   Judicially-noticeable facts demonstrate that Plaintiff does not enjoy exclusive rights in the character string

"dejavu" or "deja vu" or authority to exclude other from using that character string. A search for "dejavu" or "deja vu" on the United States Trademark and Patent Office's Trademark Electronic Search System ("TESS"), https://tmsearch.uspto.gov/, reveals 166 records of entities holding federally-registered trademarks utilizing those character strings, including the Deja Vu Candle Company, Dejavu Butterfly Faux Locs, DeJAVU Lighting, and Deja Vu Hair Studio—as well as Plaintiff.  The myriad examples  of third party trademarks and business registrations in the character string "dejavu" or "deja vu" are not limited to the United States.  A search for "dejavu" or "deja vu" on WIPO's Global Brand database, available at www.wipo.int/branddb/en, reveals almost a hundred entities worldwide that hold registered trademarks in or incorporating the character string "dejavu" or "deja vu," many in foreign languages.  The existence of such a large number of international registrations is not surprising given that "déjà vu" is a French phrase meaning "already seen" and describing the uncanny feeling of having already experienced the present situation, generally despite knowing that you have not.

Moreover, it is well-settled that trademark holders are not automatically entitled to their mark as their domain name, nor can they prohibit others from registering or using the mark as part of a domain name.  *See Hasbro, Inc. v. Clue Computing, Inc.*, 66 F. Supp. 2d 117, 133 (D. Mass. 1999); *see also Wash. Speakers*

*Bureau, Inc. v. Leadings Auths., Inc.*, 33 F. Supp. 2d 488, 491 n.3 (E.D. Va. 1999) "

Courts have noted that '[a]nyone may register any unused domain name upon

payment of a fee…Of course, this registration is no way trumps federal trademark

law; registration of a mark or name with [a domain name registrar] does not itself

confer any federal trademark rights on the registrant."); *see also Chatam Int'l, Inc.*

*v. Bodum, Inc.*, 157 F. Supp. 2d 549, 551 (E.D. Pa. 2001), *aff'd without opinion*, 40

F. App'x 685 (3d Cir. 2002) (granting summary judgment to defendant, who had

legitimate laim to using Chambord.com as a domain name for a site to sell its

CHAMBORD coffee makers and which did not infringe CHAMBORD for liqueur

and fruit preserves); *Hartog & Co. AS v. SWIX.com*, 136 F. Supp. 2d 531, 542 (E.D.

Va. 2001) (holding no conflict existed between Norwegian plaintiff's SWIX mark

for ski wax and the accused domain name swix.com used for a long time by a Swiss

internet service provider to identify its website).

Plaintiff does not have the right or authority to control the general public's use

of the character strings "dejavu" or "deja vu" or the word déjà vu, let alone the

authority to control who can use that character string in a domain name.  This

militates against finding a cause of action against NameFind for either

cybersquatting or service mark infringement, especially in light of the absence of

non-conclusory allegations of bad faith.

## VI.   CONCLUSION

NameFind respectfully requests that this Court dismiss Plaintiff's Complaint because it lacks well-pled, non-conclusory allegations demonstrating an entitlement to relief against NameFind under the ACPA or for service mark infringement.

Respectfully submitted,

By:*/s/ Philip T. Carroll*
Philip T. Carroll (P54383)
pcarroll@cozen.com
Harper S. Seldin, (MIED admission to be submitted)
hseldin@cozen.com
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel:  (312)382-3147
Fax:  (312) 382-8910
*Attorneys for Defendant NameFind LLC*

17

## **CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 7.1(a)**

Counsel for Defendant NameFind LLC ("NameFind") informed counsel for Plaintiff Global Licensing on July 28, 2021 that NameFind intended to move to dismiss Plaintiff's Complaint for the reasons substantially set forth in its Motion and Memorandum.   On July 29, 2021, counsel for NameFind spoke to counsel for Plaintiff who indicated that Plaintiff would not be filing an amended complaint.

*/s/ Philip T. Carroll*
Philip T. Carroll

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 3rd day of August, 2021, I electronically

filed the foregoing using the CM/ECF system which will send the notifications to all

parties below:

Jeffrey S. Sherbow
Matthew S. Wood
Law Offices of Jeffrey S. Sherbow PC
2446 Orchard Lake Road
Sylvan Lake, MI 48320
Tel:  (248) 481-9362
jeff@sherbowlaw.com
msw@sherbowlaw.com

*/s/ Philip T. Carroll*
Philip T. Carroll

19